IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ANN COFFMAN,

Plaintiff,

CV-13-1242-PK

OPINION AND ORDER

COMMISSIONER of Social Security,

Defendant.

PAPAK, Magistrate Judge:

This action was filed against defendant Carolyn Colvin, Commissioner of Social Security, by plaintiff Ann Coffman on November 23, 2007. Coffman sought review of the Commissioner's decision finding Coffman not disabled for purposes of Titles II and XVI of the Social Security Act. On February 24, 2015, I reversed the Commissioner's decision and remanded the action to the Social Security Administration for calculation and award of disability insurance benefits and social security insurance benefits. Coffman moved for an award of attorney fees pursuant to the Equal Access to Justice Act (the "EAJA"), and on May 8th, 2015, I

granted the motion and entered an award of attorney fees in Coffman's favor in the amount of $5,958.38.

Now before the court is Coffman's unopposed motion (#27) for approval of payment to Coffman's counsel out of her retroactive benefits award the amount of $20,883.00 less the $5,958.38 awarded pursuant to the EAJA.

For the reasons set forth below, Coffman's motion is granted as discussed below, and payment from Coffman's retroactive benefits award to Coffman's counsel is approved in the total amount of $14,676.42.

**ANALYSIS**

Pursuant to 42 U.S.C. § 406(b), Coffman moves for approval of payment of attorney fees to her counsel in an amount equal to 25% of his retroactive DIB and SSI award, less the amounts he has already received as compensation for his services pursuant to the EAJA. Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). By contrast with fees awarded pursuant to the EAJA, a fee-shifting statute, Section 406(b) fees are paid out of the retroactive benefits awarded to the successful Social Security claimant. *See id.* Counsel representing Social Security claimants may not seek compensation from their clients for trial litigation other than through a Section 406(b) fee. *See id.* In the event that both an EAJA fee is awarded and a Section 406(b) fee payment is approved, the claimant's counsel must refund to the claimant the amount of the smaller of the two

payments. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Any Section 406(b) fee must be approved by the court for reasonableness before it may be paid. *See* 42 U.S.C. § 406(b)(1)(A).

A court reviewing a request for attorney fees under § 406(b) "must respect the primacy of lawful attorney-client fee agreements, looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808) (internal quotation marks omitted). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013).

In assessing the reasonableness of a Section 406(b) fee, courts look first to the contingency fee agreement itself, and then may reduce the resulting award after considering the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). See *Gisbrecht* 535 U.S. at 808; *Crawford*, 586 F.3d at 1151–52. The claimant's counsel bears the burden to establish the reasonableness of the fee. *Gisbrecht* 535 U.S. at 807; *Crawford*, 586 F.3d at 1148.

Here, after awarding retroactive benefits following litigation, the Commissioner withheld 25%, in the amount of $20,883.00, of those retroactive benefits to award to Coffman's attorney pending approval by this court. As in the cases reviewed by the *Crawford* and *Gisbrecht* courts, Coffman entered into a contingency fee agreement with her counsel providing for payment of 25% of Coffman's retroactive benefits to her attorney. It therefore now falls to me to assess whether $20,883.00, or 25% of the retroactive benefits award, constitutes reasonable

compensation for Coffman's counsel under the various factors discussed in *Gisbrecht* and *Crawford*.

**A. No Reduction is Merited Based on Coffman's Attorney's Performance.**

As *Gisbrecht* and *Crawford* both make clear, substandard performance by a legal representative warrants a reduction in a Section 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Here, the evidentiary record does not suggest that Coffman's counsel's performance was in any way substandard. No reduction in the Section 406(b) fee is warranted due to the character of the representation here.

**B. Coffman's Attorney's Fee is Properly Reduced Due to Attorney Delay.**

A Section 406(b) award is properly reduced if any delay in proceedings is properly attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808 ("If the attorney is responsible for delay. . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."); *see also Crawford*, 586 F.3d at 1151 (". . . the Supreme Court's clear directive that the district court must first look to the fee agreement and then adjust downward if the attorney . . . delayed the case. . . ."); *Daley v. Colvin*, 2015 WL 3544650, at *6 (D. Or. June 4, 2015); *cf. Crawford*, 586 F.3d at 1148.

Coffman's attorney successfully filed a motion for leave to extend filing his opening brief for sixty days, from April 14, 2014 to June 13, 2014. Cl.'s Motion for First Extension of Time, #23. Coffman's attorney stated that despite due diligence, a "heavy workload including multiple District court and Ninth Circuit briefing deadlines" prevented filing Coffman's opening brief on time. *Id.* Although there was no impropriety in seeking an extension of court deadlines attributable to challenges in workload management, such extension did occasion delay in the final outcome of review proceedings for which the attorney was squarely responsible, warranting

a commensurate reduction under *Gisbrecht*. Moreover, although there was similarly nothing inherently unreasonable about the request for extension itself, I find under the court's inherent authority and obligation to evaluate the reasonableness of fee awards, *see Gisbrecht*, 535 U.S. at 808, *see also Crawford*, 586 F.3d at 1149, that it would nevertheless be unreasonable for Crawford's attorney to benefit financially at Crawford's expense from a delay caused by the attorney's difficulties in managing the workload he elected to bear.[1]

But for the attorney-attributable delay, the claimant would have had two fewer months of past-due benefits, and would have received those two benefit checks as they came due, without a deduction for attorney fees. Each such month of benefits would have been compensated in the amount of $1,296, for a total of $2,592.80, and twenty-five percent of this amount is $648.20. The requested Section 406(b) fee is therefore reduced by $648.20 on the basis of attorney delay.

**C. Proportionality of Benefits Awarded to Attorney Time Spent**

The *Gisbrecht* and *Crawford* courts both held that a Section 406(b) award could be reduced if the fee is out of proportion to the time spent by the claimant's attorney and the risk of nonpayment claimant's attorney undertook to the extent that it becomes a "windfall" for the attorney. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Courts may compare the fee resulting from a contingency award with a product of the hours the attorney reasonably worked on the case, a reasonable hourly rate for the attorney's work, and a reasonable multiplier

---

[1] Where extension is sought due to the particular complexity of a case or for the purpose of facilitating settlement negotiations, attorney-requested extensions of time do not warrant reduction under *Gisbrecht*. However, those factors are not at issue here. Although by and through his motion (#37) for award of fees Coffman's attorney asserts that the 60-day extension was due both to his workload and to the complexity of the case, by and through his motion (#23) for extension of time, Coffman indicated that the extension was warranted solely on the basis of his attorney's heavy workload. I note, in addition, that Coffman's counsel expended a total of 31.45 hours on the merits of this action, strongly suggesting the absence of any unusual degree of complexity.

to compensate for risk, as one way to evaluate if a fee is out of proportion to the attorney's work. *See Crawford*, 586 F.3d at 1151-53.

Coffman's counsel asserts to the court, and includes some supporting documentation, that he and co-counsel expended 31.45 hours in connection with litigating Coffman's application for DIB and SSI benefits. Cl.'s Motion for Fees, #37, 4. To give effect to the contingency fee arrangement in place between Coffman and his counsel would thus yield an effective hourly rate of $643.40 ($20,234.80 divided by 31.45 hours is $643.40 per hour). Coffman's counsel cites to my own previous ruling, in *Griffin v. SSA, 3:10-cv-729-PK*, awarding Coffman's counsel, in another case, an effective hourly rate of $1000.

Coffman's counsel states that $375 per hour is his normal fee for non-contingent matters, and also asserts that the Oregon State Bar 2012 Economic Survey reported an average rate of $284 per hour for Portland-area attorneys and $350 to $450 per hour for attorneys with twenty or more years experience, as Coffman's counsel reports he has. Cl.'s Motion for Fees, #37, 4. Counsel does not inform the court of the billing rates of the other attorneys on this case. Proceeding with the supposition that an appropriate "normal" hourly rate to use for benchmark comparison purposes is $284, the effective requested hourly rate of $643.40 is the equivalent of 2.26 times the reasonable hourly rate for non-contingent matters. Counsel explained why there were both specific and general risks associated with representing Coffman, and I find a multiplier of 2.26 is a reasonable compensation for the risk involved in this case, and an effective hourly rate of $643.40 is not a windfall. No reduction in the Section 406(b) fee is warranted on this factor.

**D. Appropriate Fee**

For the foregoing reasons, I find that the contingency fee agreement in place between Coffman and her counsel is within the statutory limits provided in 29 U.S.C. § 406(b), and that the fee provided therein is reasonable, after being reduced so that Coffman's counsel does not benefit from moving for a sixty-day extension to file Coffman's opening brief. Coffman's motion for approval of Section 406(b) fees is therefore granted, and retention from the gross amount of Coffman's retroactive benefits award of a reasonable attorney's fee in the amount of $20,234.80 less the $5,958.38 previously awarded to counsel pursuant to the EAJA is approved.

**CONCLUSION**

For the reasons set forth above, Coffman's motion (#37) is granted as discussed above, and payment to Coffman's counsel of $14,676.42 out of Coffman's retroactive benefits award is approved.

Dated this 20th day of August, 2015.

Paul Papak

Honorable Paul Papak
United States Magistrate Judge